UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILLIAM ROBERT FREEMAN**         CASE NO. 2:19-CV-00614

**VERSUS**         JUDGE JAMES D. CAIN, JR.

**TRINA WILLIAMS ET AL**         MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)" (Doc. 40) filed by Defendants, Sheriff John Craft (improperly designated as "Vernon Parish Sheriff's Office"), Trina Williams, Bradley Conn, Allen Carver, Robert Laughlin, Jerry Williams, Purvis Chance, Deputy McQueen, Aaron Barbee, James McElvin, and Ben West.

## INTRODUCTION

Plaintiff, William Robert Freeman, alleges that on May 17, 2018, while incarcerated in the Vernon Parish Jail, he slipped in the shower.[1] He alleges that the showers are in a dangerous condition.[2] Approximately one and one-half hours later, he was transported to Byrd Regional Hospital for an x-ray.[3] Two weeks later, Freeman was transported back to Byrd Regional Hospital where he was seen by a doctor and diagnosed with a hernia; the

---

[1] Complaint, Doc. 1, ¶ 4-5.
[2] *Id.* ¶ 36.
[3] *Id.* ¶ 7.

attending doctor prescribed ibuprofen.[4] He was advised to follow up with his primary physician in one (1) to two (2) days.[5]

One month later, Plaintiff was transported to Ochsner LSU Health in Shreveport, Louisiana at which time the attending doctor recommended that Plaintiff undergo surgery within two (2) weeks.[6] Plaintiff was scheduled to undergo surgery wight (8) weeks later on July 30, 2018.[7] Plaintiff does not allege who made the decision to schedule the surgery.

Plaintiff alleges that an unnamed Vernon Parish Sheriff's Office person did not transport him to the surgery facility "in a timely manner," which required the surgery to be postponed until August 21, 2018. Plaintiff alleges that while awaiting the post-poned scheduled surgery, he was given little medication for his pain causing his hernia to distend into his scrotum and increasing his pain.[8] The surgery was performed on August 21, 2018.[9]

Plaintiff alleges that during his convalescence, he was placed in solitary confinement and denied access to a medical kiosk to submit his medical requests.[10] He also complains that he was required to wear dirty clothes for an unspecified number of days and denied hygiene products, which led to his surgery site becoming infected. Additionally, he was not provided medical attention.

Plaintiff alleges that he was prescribed pain medication but was only given over-the-counter pain medication.[11] Subsequently, he was transferred from solitary confinement

---

[4] *Id.* ¶ 9.
[5] *Id.*
[6] *Id.* ¶ 11.
[7] *Id.* ¶ 12.
[8] *Id.*
[9] *Id.* ¶ 15.
[10] *Id.*
[11] *Id.* ¶ 18.

in the "bull pen," which did not have sufficient beds for the number of men in that area, thus requiring Plaintiff to sleep on the floor.[12] Plaintiff claims that unnamed deputies refused to give him his medication and would "make fun of [him]."[13]

Plaintiff alleges that Warden Bradley Conn told him that he was being treated poorly because he retained legal assistance regarding his slip and fall.[14] Plaintiff further alleges he was ordered to perform manual labor despite the doctor's orders that he should not do so.[15] Plaintiff alleges that the physician's assistant for the Jail, Todd Warren, released him to be returned to the cell with other inmates, and that he was subsequently placed back into solitary confinement for an unspecified period.[16] Plaintiff alleges that deputies would throw his medication on the floor, which forced him to retrieve is on his hands and knees, "like a dog."[17]

## RULE 12(C) STANDARD

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) Motion to Dismiss. See *Bennett-Nelson v. Louisiana Bd. Of Regents,* 431 F.3d 448, 450 n. 2 (5th Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) allows a defendant to present a defense of failure to state a claim upon which relief can be granted and authorizes a court to dismiss a case pursuant to a motion by the defendant when a plaintiff has not stated a cause of action. *Ceason v. Holt,*

---

[12] *Id.*
[13] *Id.* ¶ 24.
[14] *Id.* ¶ 26.
[15] *Id.* ¶ 27.
[16] *Id.* ¶ 29.
[17] *Id.* ¶ 21.

73 F.3d 600 (5th Cir. 1996). "A claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which will entitle him to relief." *U.S. ex. Rel. Willard v. Humana Health Plan of Texas, Inc.,* 33 F.3d 375, 379 (5th Cir. 2003).

The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point

necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Plaintiff through counsel, alleges that prison officials knew of the risk of harm in the shower, which caused his slip and fall because numerous other inmates had fallen in the shower.[18] Plaintiff further alleges that he was denied the right to appropriate medical care in violation of the Fourteenth Amendment, and that the prison officials were deliberately indifferent towards a substantial risk of serious harm in violation of the Eighth Amendment.

---

[18] Complaint, ¶ 30, Doc. 1.

A pretrial detainee's right to medical care flows from the Fourteenth Amendment. However, the Fifth Circuit has long recognized there is no significant distinction between pretrial detainees' and convicted inmates' rights concerning basic human needs, like medical care. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). To succeed on such a claim, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). To prove deliberate indifference, a plaintiff must show that a defendant "knew that [the inmate] faced a substantial risk of serious harm and failed to take reasonable measures to abate the risk." *Williams v. City of Yazoo*, 41 F.4th 416, 424 (5th Cir. 2022). The knowledge inquiry is subjective, and the reasonableness inquiry is objective. *Id.* Crucially, deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind and requires facts "clearly evincing wanton actions on the part of the defendants." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Deliberate indifference is an extremely high standard to meet." *Id.* It cannot be inferred "merely from a negligent or even a grossly negligent" reaction to a substantial risk of serious harm. *Thompson*, 245 F.3d at 459.

To prove a denial of medical care claim, Plaintiff must submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756.

The "deliberate indifference" standard requires "a showing that the official was subjectively aware of the risk [of serious harm to the inmate]." *Farmer*, 511 U.S. at 829, 114 S.Ct. 1970. "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*, at 837, 114 S.Ct. 1970. However, a prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious. *Id.* at 842-43, 114 S.Ct. 1970 (internal quotations omitted).

"A showing of deliberate indifference requires the prisoner to submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5 th Cir. 2006) (citing *Farmer v Brennan*, 511 U.S. 825, 832 (1994).

Defendants make the following arguments for dismissal: (1) the Vernon Parish Sheriff's Office ("VPSO") has been improperly named under Louisiana's state law theory of vicarious liability, and *Monell* claims, (2) Trina Williams and Warden Conn should be dismissed because the claims against them are frivolous and/or the allegations against these Defendants are without merit, unsubstantiated, or fail to allege a Constitutionally protected right (4) Plaintiff's claims against the VPSO must be dismissed because it is not a legal entity capable of being sued and (5) the Complaint does not make any specific allegations

against Defendants Carver, Laughlin, Williams, Chance, McQueen, Barbee, McElvin, and West.

Summarizing the Complaint, Plaintiff alleges that Defendants failed to provide him medical care in violation of the Eighth and Fourteenth Amendments. In his opposition, Plaintiff agrees that his slip-and-fall claim, which caused his injuries is not cognizable under 42 U.S.C. § 1983, but contends that he is making a state law claim against Sheriff Craft under supplemental jurisdiction pursuant to Louisiana Civil Code art. 2317.1.

*Vernon Parish Sheriff's Office, through Sheriff John Craft*

42 U.S.C. § 1983 provides a cause of action for violation of civil rights by a state actor. To state a claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There is no vicarious liability under § 1983. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, a supervisory official may be held liable only if he (1) affirmatively participates in the acts causing the alleged constitutional deprivation or (2) implements unconstitutional policies that cause the deprivation. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). A government entity cannot be held liable on a § 1983 claim under a theory of respondeat superior. *Monell v. New York City Dep't of Soc. Svcs.*, 436 U.S. 658, 691 (1978). Instead, local government is liable under § 1983 when its policies or

customs cause constitutional torts. *Id*. at 694. To establish such a claim, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

"A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Tex.,* 981 F.2d 237, 245 (5th Cir. 1993). A plaintiff must identify the policy or custom which allegedly caused the deprivation of constitutional rights. See, e.g., *Murray v. Town of Mansura,* 76 Fed.App'x 547, 449 (5th Cir. 2003), citing *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.,* 229 F. 3d 478, 483 n. 10 (5th Cir. 2000); *Treece v. Louisiana,* 74 Fed. App'x 315, 316 (5th Cir. 2003) citing *Monell v. Dept. of Social Servs. of City of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).

An "official policy" may be either a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or a persistent widespread practice … which, although not authorized by an officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents a municipal policy. *Webster v. City of Houston,* 735 F.2d 838, 842 (citing *Bennett v. City of Slidell,* 735 F.2d 861, 862 (5th Cir. 1984)). "Isolated acts" generally cannot establish the existence of a custom or practice. *Burge,* 336 F.3d at 370. A custom is tantamount official policy when it is "so common and well-settled as to constitute a custom that fairly represents municipal policy. *Webster,* F.2d at 841. Prior incident "must have occurred for so long or so frequently that the course of conduct

warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice…" *Id.* at 842.

Here, Plaintiff has not alleged or pled the existence of a persistent and widespread prior practice or that there was a policy, custom or practice as to have the force of law. Consequently, Plaintiff has failed to allege a claim against the VPSO.

*VPSO as a legal entity*

Plaintiff has named the VPSO as a Defendant in this matter. However, the VPSO is not a legal entity capable of being used. Under Louisiana law, a court must determine if an entity qualifies as a "juridical person." The VPSO does not. "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler v. Pope,* 2009 WL 959508, at *1 (E.D. La. 2009) (citing *City Council of Lafayette v. Bowen*, 649 So.2d 611 (La.App. 3d Cir. 1994). See *e.g., Ruggiero v. Litchfield*, 700 F. Supp. 963, 865 (M.D. La. 1988). As such, the VPSO is not a proper party to be sued in this action.

*Denial of medical care*

Defendants, Williams, Conn, Carver Laughlin, Williams, Chance, McQueen Barbee, McElvin and West, contend that Plaintiff has not alleged personal conduct by any of these Defendants that violated Plaintiff's Constitutionally protected rights or Louisiana state law.

A pretrial detainee's right to medical care flows from the Fourteenth Amendment.[19] To succeed, a plaintiff must "allege acts or omissions sufficiently harmful to evidence

---

[19] The Fifth Circuit has recognized that there is no significant distinction between pretrial detainees' and convicted inmates' rights vis-à-vis basic human needs such as medical care. *Gibbs* 254 F.3d at 548 (cleaned up).

deliberate indifference to serious medical needs." *Thompson*, 245 F.3d at 457. "In order to be liable under § 1983, a person must have been either personally involved in conduct causing the alleged deprivation or constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. See *Lozano v. Smith,* 718 F.2d 756 (5th Cir. 1983); *Hinshaw v. Doffer,* 785 F.2d 1260, 1263 (5th Cir. 1986).

A supervisory official may be held liable under section 1983 for the wrongful acts of a subordinate "when [the supervisory official] breaches a duty imposed by state or local law, and this breach causes plaintiff's constitutional injury." *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (114 S.Ct. 1970 (1994).

As noted by Defendants, Plaintiff was transported to the hospital for treatment withing one and one-half hours of the incident, and again two (2) weeks later. Defendants remarks that "unnamed" deputies failed to timely present Plaintiff for his surgery scheduled for July 30,1018.  Defendants argues that this does not establish deliberate indifference. Defendants further contend that Plaintiff has failed to allege who was responsible for not getting Plaintiff to his scheduled surgery on time.

Plaintiff further alleges that due to the unnamed defendants failing to present him to his scheduled surgery, his surgery was delayed three weeks causing him to suffer additional injury and debilitating pain.

Next, Plaintiff alleges that he was prescribed pain medication, but was only given an over-the-counter medication—ibuprofen. Defendants argue that the decision to provide an inmate with over-the-counter medication as opposed to prescribed pain medication does not amount to deliberate indifference and thus is not a constitutional violation. *Malone v. Waggener*, 296 Fed.App'x 422, 422-23 (5th Cir. 2008).

Plaintiff alleges that because prison officials refused to clean his clothes, thus causing him to wear dirty clothes, his post-surgery wound got infected causing him further injury and pain. Additionally, he was put in solitary confinement without the benefit of a medical kiosk, which prohibited him from making a medical call and receiving treatment.

Plaintiff also alleges he was taunted, forced to sleep on the floor while recovering from the surgery, placed in solitary confinement during his recovery and forced to perform manual labor contrary to the doctor's orders.

Defendant argues that none of these actions rise to the level of deliberate indifference. Again, Defendants argue that Plaintiff has failed to identify, and/or name who personally was responsible for these actions. Defendants also contend that counsel for Plaintiff has impermissibly alleged facts in the opposition that are not pled in the Complaint. While the Court agrees with Defendants that the Plaintiff has failed to identify the "actors," the Court is concerned about the alleged actions of these unnamed and/or unspecified actors. Considering the totality of the alleged actions towards Plaintiff, the

Court is remiss to dismiss these Defendants and/or Plaintiff's claims at this juncture. The Court further notes that this lawsuit was filed May 14, 2019, thus, counsel for Plaintiff should have been able to discover the identity of these actors as well as any additional facts to establish this civil rights action. Also, counsel for Plaintiff cannot rely on factual allegations in Plaintiff's Opposition brief that are not alleged in the Complaint. Be that as it may, the Court will pretermit on ruling on the individual and official capacity claims of these named Defendants, other than the VPSO, and allow counsel for Plaintiff to amend the Complaint to address the concerns of the Court.

## CONCLUSION

Pursuant to the reasons set forth herein, the Court will dismiss the Vernon Parish Sheriff's Office, deny the remaining Motion for Judgment on the Pleadings, and order Plaintiff to amend his Complaint.

**THUS DONE AND SIGNED** in Chambers on this 5th day of September, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**